IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| YOLANDA WHITE, INDIVIDUALLY AND ON BEHALF OF JOANN TATE<br>Plaintiff,<br><br>vs.<br><br>ICU MEDICAL, INC.<br><br>Defendant. | Case No.: 1:25-cv-00407-BMB<br><br>Judge Bridget Meehan Brennan |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION OF PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Yolanda White, Individually and on behalf of Joann Tate ("Plaintiff") submits the following memorandum of law in opposition of Defendant ICU Medical Inc.'s ("Defendant") Partial Motion to Dismiss Plaintiff Yolanda White's claim for breach of express warranty (Count V), as pled in her Second Amended Complaint ("SAC"). *See generally* SAC, Dkt.n18. Because Plaintiff has adequately pled her express warranty claim, Plaintiff respectfully urges the Court to deny Defendant's dismiss the claim for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

Plaintiff brought this product liability action on March 1, 2025, on behalf of decedent Joann Tate. Compl. Dkt 1. Ms. Tate had a Port-A-Cath II implanted for chemotherapy and suffered an infection leading to her lungs filling up with fluid from the defective port. *See* Compl. Dkt 1 at ¶¶243-244. Plaintiff filed her first amended complaint on July 7, 2025, alleging that the port implanted in Decedent was a Port-A-Cath II and manufactured by Defendant ICU Medical Inc. *See* First Amended Compl. Dkt 11 at ¶¶58-59. Plaintiff filed her second amended complaint on

August 22, 2025, in response to Defendant's partial motion to dismiss Plaintiff's express warranty and consumer sales practices acts claims. Plaintiff's amended petition alleges a myriad of additional facts regarding Defendant's deceptive sales practices. Plaintiff also alleged that Defendant expressly represented that (1) "its [Defendant's] catheter system was a 'safe combination for long-term IV therapy' that is 'intended to reduce complication rates' and is 'designed to administer the safest and most effective treatment for a range of medical conditions'", and Defendant represented that (2) "the Defendant's port was as safe and/or safer than other alternative procedures and devices then on the market ['designed to administer the safest and most effective treatment for a range of medical conditions']". *See* Second Amended Compl. Dkt. 11 at ¶128. In its renewed motion to dismiss, Defendant abandon its attack on the consumer sales practices act claim, but move to dismiss Plaintiff's breach of express warranty claim asserted in Count V. *See* Dkt. 24. That motion should be denied.

## LEGAL STANDARD

In reviewing a defendant's motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203, 2017 U.S. App. LEXIS 25756, *12, 2017 FED App. 0288P (6th Cir.)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

## ARGUMENT

The Court should deny Defendant's Partial Motion to Dismiss Plaintiff's Breach of Express Warranty Claim (Count V) because this court must assume as true that defendant falsely represented that "its catheter system was a 'safe combination for long-term therapy' that is 'intended to reduce complication rates' and is 'designed to administer the safest and most effective

treatment for a range of medical conditions'", and "the Defendant's port was 'designed to administer the safest and most effective treatment for a range of medical conditions'". *See* Second Amended Compl. Dkt. 11 at ¶128. Those statements are sufficient to establish Plaintiff's claim that Defendant made an express warranty that they breached with their defective product.

Under Ohio law, "express warranties by the seller are created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." *Johnson v. EISAI, Inc.,* 590 F. Supp. 3d 1053, 1063, 2022 U.S. Dist. LEXIS 42120, *20 (quoting Ohio Rev. Code § 1302.26(A)(1).). Defendant argues that Plaintiff must identify the "content and source" of the basis of the express warranty claim. Plaintiff has identified the content of the express warranty: (1) the catheter "was a safe combination for long term therapy"; (2) the catheter "is intended to reduce complication rates"; (3) the catheter is designed to administer "the safest and most effective treatment for a range of medical conditions. Plaintiff has done more than merely allege that Defendant marketed its product as "safe and effective." Plaintiff provided specific misrepresentations that Plaintiff alleges Defendant made. *See* Second Amended Compl. Dkt. 11 at ¶128. As to the source of these express representations, Plaintiff alleges that these statements originate from Defendant's "labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions." *Id.* Plaintiff further alleges that these representations were also made through Defendant's websites. *Id.* at ¶45. Plaintiff has therefore met her obligation to plead the source and content of the express representations by Defendant.

Further, this District has found that the Seventh Circuit's observation in *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir.2010), applicable in that "'district courts must keep in mind that much of the product-specific information about manufacturing needed to investigate such a claim fully is kept confidential by federal law. Formal discovery is necessary before a plaintiff can be

expected to provide a detailed statement of the specific bases for her claim.'" *Williams v. Boston Sci. Corp.*, 2013 U.S. Dist. LEXIS 43427, *11.  In this case, discovery will further uncover specific detailed statements defendant made that comprise a warranty.

Finally, the specific, finely detailed statements that Defendant seeks from Plaintiff for its express warranty claim are not required under Ohio law at this stage.  This District has found that "although there is a lack of case law in Ohio on whether stating that the defendant represented that a product is 'safe and effective' is sufficient to state a claim, it is clear that 'where representations concerning the safety of a product are made by a manufacturer and are proved to be false, an action for express warranty could be maintained.'" *Johnson v. EISAI, Inc.*, 590 F. Supp. 3d 1053, 1064, 2022 U.S. Dist. LEXIS 42120, *22-23 (quoting *Drayton v. Jiffee Chem. Corp.*, 591 F.2d 352, 358 (6th Cir. 1978) ("In 1958 the Ohio Supreme Court ruled that where representations concerning the safety of a product are made by a manufacturer and are proved to be false, an action for express warranty could be maintained." (quoting *Rogers v. Toni Home Permanent Co.*, 167 Ohio St. 244, 147 N.E.2d 612 (1958).)))

Here, Plaintiff alleged that Defendant represented that its Port-A-Cath II was "safe and fit for use by consumers, was of merchantable quality, did not produce dangerous side effects, and was adequately tested and fit for its intended use" when those representations were not in fact true.  Under Ohio law this pleading by itself is sufficient to survive a motion to dismiss.  In addition to the allegations that Defendant marketed its product as "safe and effective" Plaintiff also made allegations that Defendant made specific statements that were an affirmation of fact or promise made by the seller (Defendant) to the buyer (Plaintiff) which relates to the goods (the Port-A-Cath II) and becomes part of the basis of the bargain.  Plaintiff would not have purchased the product if Defendant did not warrant the product as safe and effective.  The warranty of the product being "safe and effective" along with Defendant's statements that its catheter system was a "safe

combination for long-term IV therapy" that is "intended to reduce complication rates" and is "designed to administer the safest and most effective treatment for a range of medical conditions", and the Defendant's port was "designed to administer the safest and most effective treatment for a range of medical conditions" form the basis of Plaintiff's bargain with Defendant. Therefore, Plaintiff's allegations in the complaint, if true, form the basis of Plaintiff's allegation that Defendant breached its express warranty to Plaintiff. As a result, this Court must deny Defendant's Partial Motion to Dismiss Plaintiff's Complaint.

## CONCLUSION

Plaintiff has met her pleading requirement under the *Iqbal/Twombly* standard because she has provided specific statements that defendant has made. These statements were an affirmation of fact or promise to Plaintiff which relates to her Port-A-Cath II and formed the basis of the bargain she made with Defendant. Plaintiff does not need to provide the source of the statements Defendant made to survive a motion to dismiss, because the Court must accept as true the allegations in the Second Amended Complaint. Assuming the facts in the Complaint as true, Plaintiff has stated a claim for relief of breach of express warranty that is plausible on its face. Therefore, this Court must deny Defendant's Partial Motion to Dismiss Plaintiff's Express Warranty Claim (Count V).

Respectfully submitted,

**THE COCHRAN FIRM**

/s/ Melissa Payne
Melissa Payne
Ohio Bar No. 0098027
Danae N. Benton
Texas Bar No: 24080422
Florida Bar: 1002916
Larry Taylor, Jr.
Oklahoma Bar: 34221
New Mexico Bar: 153622
Arizona Bar: 038277
Texas Bar No: 24071156

        Dimitri Dube
        Texas Bar No: 24068944
        Pennsylvania Bar No. 201816
        1825 Market Center Blvd., Suite 500
        Dallas, TX 75207
        Phone: 214-651-4260
        Fax: 214-651-4261
        Email: dbenton@cochrantexas.com
        ltaylor@cochrantexas.com
        ddube@cochrantexas.com
        mpayne@cochrantexas.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2025, I electronically filed the foregoing Memorandum in Opposition to Defendant's Partial Motion to Dismiss with the Clerk using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service.

/s/ Melissa Payne
Melissa Payne